UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Wanda Victoria Jameros-Brannon, as Personal Representative of the Estate of Eddie Kenneth Jameros,

Plaintiff,

v.

United States of America,

Defendant.

Civ. No. 25-3171 (PAM/ECW)

**MEMORANDUM AND ORDER**

---

This matter is before the Court on Defendant United States of America's Motion to Dismiss. For the following reasons, the Motion is granted.

**BACKGROUND**

Plaintiff Wanda Jameros-Brannon brings this lawsuit alleging the wrongful death of her father, Eddie Jameros, at the Minneapolis Veterans Affairs Medical Center ("VA hospital") on February 9, 2022. On January 4, 2022, Plaintiff brought her father, who had dementia, to the VA hospital for leg and groin pain. (Compl. (Docket No. 1) ¶ 14.) He was given a COVID-19 booster shot, against Plaintiff's instruction and without Jameros's valid consent given his dementia. (Id. ¶¶ 20, 24, 36.) The Complaint alleges that he suffered adverse effects from the booster vaccine and his hospital stay, including contracting COVID-19. (Id. ¶¶ 21–27.) Jameros was discharged from the VA hospital on January 7, 2022, but returned a few days later and was diagnosed with COVID-19. (Id. ¶¶ 27–33.) Jameros passed away on February 9, 2022, while still in the hospital. (Id. ¶ 13.)

Jameros's story is a sad and familiar tale of an elderly person suffering from and succumbing to COVID-19 while hospitalized.

In January 2024, Plaintiff submitted an administrative claim to the Department of Veterans Affairs ("VA"), seeking damages for her father's wrongful death. (Decl. of John C. Miller (Docket No. 24) Ex. A "SF-95").) In February 2025, the VA notified Plaintiff that they denied the wrongful death claim. (Id. Ex. C.)

Plaintiff filed this pro se lawsuit in August 2025 alleging wrongful death and battery under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b)(1).[1] Plaintiff secured counsel through the pro se project thereafter. (See Docket Nos. 13–15.) This Motion followed.

**DISCUSSION**

The United States moves to dismiss this lawsuit for lack of subject matter jurisdiction under Rule 12(b)(1) and 12(h)(3). A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) challenges a court's subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "The plaintiff bears the burden to establish subject-matter jurisdiction." Two Eagle v. United States, 57 F.4th 616, 620 (8th Cir. 2023).

**A. Wrongful Death and Battery Claims**

Sovereign immunity protects the federal government and its agencies from suit. In the FTCA, Congress enacted a limited waiver of the United States' sovereign immunity for claims arising out of torts committed by federal employees. The FTCA permits "claims

[1] Because Plaintiff concedes that any battery claim is foreclosed, the Court need not decide whether the Complaint sufficiently alleged a battery claim in the first instance.

against the United States, for money damages . . . for . . . personal injury or death caused by negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment . . . ." 28 U.S.C. § 1346(b)(1). The FTCA's waiver of sovereign immunity is limited by a series of exceptions listed in 28 U.S.C. § 2680. Pertinent here, the FTCA requires "complete exhaustion of [administrative] remedies before invocation of the judicial process." McNeil v. United States, 508 U.S. 106, 112 (1993). Thus, before suing the United States, a claimant must present a complete claim to the appropriate agency. 28 U.S.C. § 2675(a).

In Mader v. United States, the Eighth Circuit Court of Appeals explained that "compliance with § 2675(a)'s presentment requirement is a jurisdictional precondition to filing an FTCA suit in federal district court." 654 F.3d 794, 801 (8th Cir. 2011). To present an administrative claim, a claimant must submit: (1) "an executed Standard Form 95," (2) "a claim for money damages in a sum certain," and (3) "evidence of [the individual's] authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian, or other representative." 28 C.F.R. § 14.2; see also Mader, 654 F.3d at 798.

Plaintiff submitted a Standard Form 95 ("SF-95") administrative claim to the VA, as required by 28 U.S.C. § 2401(b). (SF-95.) The SF-95 identified the "claimant" as "Eddie K. Jameros c/o Wanda Jameros-Brannon," and Plaintiff signed the claim as Jameros's "daughter" and "Personal Representative." (Id. at 1.) On the SF-95, Plaintiff described the nature of the claim as wrongful death due to receiving a COVID-19 booster shot and identified the value of the claim as $305,788.20. (Id.)

In Minnesota, "[a] wrongful death action is solely a creature of statute." Tiedeken v. Tiedeken, 363 N.W.2d 909, 910 (Minn. Ct. App. 1985). "Minnesota Statute § 573.02 permits a trustee to bring a wrongful death action on behalf of an estate if the decedent might have maintained an action, had the decedent lived." Elsharkawy v. Chisago Lakes Sch. Dist. Bd. of Educ., 183 F.4th 580, 593 (8th Cir. 2026) (quotation omitted). As under 28 C.F.R. § 14.2, the plaintiff must be appointed as an authorized trustee by a Minnesota court. Minn. Stat. § 573.02. Presenting a complete administrative claim is jurisdictional and cannot be waived. Mader, 654 F.3d at 805.

Here, Plaintiff failed to submit any "evidence of [her] authority to present a claim on behalf of [her father] as agent, executor, administrator, parent, guardian, or other representative." 28 C.F.R. § 14.2(a). "[T]he Eighth Circuit emphasized that evidence of authority must be 'asserted contemporaneously with the filing of the claim by one who files on behalf of a claimant.'" Puetz v. United States, Civ. No. 22-287, 2023 WL 4186574, at *7 (D. Minn. June 26, 2023) (Nelson, J.) (quoting Lunsford v. United States, 570 F.2d 221, 226 (8th Cir. 1977)). There is no dispute that Plaintiff was not appointed by a state court as trustee authorized to bring a wrongful death case on behalf of her father before she submitted the claim to the VA, before the VA denied the claim, or before filing this lawsuit. Indeed, Plaintiff acknowledges that she failed submit contemporaneous authority to act on the claim, as required by 28 U.S.C. § 2675(a), and thus she concedes that Eighth Circuit law forecloses her wrongful death and battery claims. Therefore, the Court must grant the United States' Motion as to Plaintiff's wrongful death and battery claims.

**B. Additional Claims**

Plaintiff asserts that the Motion to Dismiss is a facial attack and thus limited only to the wrongful death and battery claims brought on behalf of her father's estate, not the intentional infliction of emotional distress and negligent infliction of emotional distress claims she intends to assert on her own behalf. She asks that the Court dismiss the Complaint without prejudice and allow her to amend her Complaint to reassert her personal injury claims, which she contends were sufficiently alleged in the administrative claim. However, the law is clear that she is not entitled to do so, and any amendment would therefore be futile.

Despite Plaintiff's assertion that her administrative claim sufficiently alleged her personal injury claims, she only raised the wrongful death and battery claims, and she identified the claimant as "Eddie K. Jameros c/o Wanda Jameros-Brannon." (SF-95 at 2.) The record is clear that she did not assert claims for her own injuries stemming from her father's death, nor did she seek separate damages for those alleged injuries. As such, Plaintiff failed to satisfy the requirement that she include in her SF-95 "a claim for money damages in a sum certain" based on her own alleged injuries. Because of this, she has failed to exhaust her administrative remedies.

Further, administrative claims cannot be amended after the agency denies the claim or a lawsuit is filed. See McNeil, 508 U.S. at 112 ("The most natural reading of the statute indicates that Congress intended to require complete exhaustion of Executive remedies before invocation of the judicial process."). The VA denied the claim and Plaintiff filed a lawsuit; thus, it is far too late for Plaintiff to amend her administrative claim.

Based on the above, the Court concludes that lacks subject matter jurisdiction and must dismiss this lawsuit. See Fed. R. Civ. P. 12(b)(1), (h)(3).

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED that:**

1. Defendant United States of America's Motion to Dismiss (Docket No. 20) is **GRANTED**; and

2. This matter is **DISMISSED with prejudice**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: September 29, 2026

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge